IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE MALLETT, | No. CIV S-10-3226-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MOON JEU, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that his primary care physician, Dr. Moon Jeu, at Folsom State Prison, refused to provide him treatment for his back pain. He states that Dr. Jeu informed him the only other pain medication that could be prescribed was morphine but that he would not prescribe it even though it was prescribed to other inmates. He complained about the lack of pain medication to the warden, chief physicians, and chief executive officer, to no avail.

## II. DISCUSSION

Plaintiff's complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), against plaintiff's treating physician, Dr. Jeu. Service of the complaint on Dr. Jeu will be authorized by separate order. However, the other named defendants, including Dr. Jasdeep Bal, Dr. P. Sahota, and Mr. A. Deems, all appear to be supervisory personnel to whom plaintiff complained to regarding the lack of treatment Dr. Jeu was providing. None of these other defendants were directly involved in plaintiff's treatment.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The

Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

As Dr. Jeu was the only defendant directly involved in plaintiff's treatment, he is the only defendant against whom plaintiff has stated a claim. Plaintiff claims the supervisory defendants are liable because they knew of the risk of harm to him. However, there is nothing in the complaint, either explicitly stated or implied, that any of these other defendants were actually involved in the treatment plaintiff received or did not receive. Knowledge of a subordinate's acts is insufficient.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to the dismissal of the supervisory defendants, including Dr. Bal, Dr. Sahota, and Mr. Deems. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Therefore, plaintiff shall show cause in writing, within 30 days of the date of this order, why defendants Bal, Sahota, and Deems, should not be dismissed for failure to state a

///

///

claim.[1]  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: April 21, 2011

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE

---

[1]  This action will continue against Dr. Jeu.

4