1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WADE MALLETT,                              No. CIV S-10-3226-CMK-P

12              Plaintiff,

13         vs.                                  <u>ORDER</u>

14   MOON JEU, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

19   § 636(c) and no other party has been served or appeared in the action.  On April 21, 2011, the

20   court determined that plaintiff's complaint was appropriate for service and directed plaintiff to

21   submit documents for service by the United States Marshal within 30 days.  Plaintiff was warned

22   that failure to submit the required documents may result in dismissal of this action for lack of

23   prosecution and failure to comply with court rules and orders.  <u>See</u> Local Rule 110.  As of June

24   6, 2011, plaintiff had not complied and the court directed plaintiff to show cause why this action

25   should not be dismissed.  Plaintiff has also failed to respond to the order to show cause.

26   / / /

1

1        The court must weigh five factors before imposing the harsh sanction of

2   dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6   their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7   46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13  1260-61 (9th Cir. 1992).

14        Having considered these factors, and in light of plaintiff's failure to submit

15  service documents as directed, the court finds that dismissal of this action is appropriate.

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.        This action is dismissed, without prejudice, for lack of prosecution and

18  failure to comply with court rules and orders; and

19        2.        The Clerk of the Court is directed to enter judgment and close this case.

20

21  DATED:  November 14, 2011

22

23                                            _____
                                              CRAIG M. KELLISON
                                              UNITED STATES MAGISTRATE JUDGE
24

25

26

                                              2